## Nathan S. Crane v. William H. Grassman.

*Declaration: Consideration: Evidence.* It is not essential that a declaration upon the common counts in assumpsit should set forth what was the consideration for an alleged promise; and an objection to evidence of the consideration, upon that ground, is untenable.

*Declaration: Common counts: Landlord and tenant: Promise to pay for repairs.* One who has made repairs upon his own store under an arrangement with his tenant that he should make such repairs, and that the tenant might thereupon surrender his lease, and in consideration thereof should pay him for the repairs, may recover of the tenant the cost of the repairs, under the common counts in assumpsit, without setting up the special circumstances.

*Submitted on briefs July 8.   Decided July 15.*

Error to Lenawee Circuit.

*George L. Bachman,* for plaintiff in error.

*Greenly & Stearns,* for defendant in error.

GRAVES, J.

Grassman sued Crane before a justice, and declared upon all the common counts in assumpsit, and "especially for work, labor, services and materials furnished in repairing the store of plaintiff, lately occupied by defendant, in

the city of Adrian, so as to put it in as good condition as when first occupied by defendant." The plea was the general issue. After trial before the justice, the case was carried, by appeal, to the circuit court, where it was tried upon the same pleadings, before a jury.

It appeared that the defendant had held a lease of the plaintiff's store, and that the parties made an arrangement for a surrender, and the plaintiff claimed that when this took place the building needed some little repairs to make it tenantable, and that the defendant then agreed that the plaintiff might make them, and that when made he would pay for them. The plaintiff further claimed that he made the repairs, and that they cost and were worth twenty-three dollars and fifteen cents; and there was evidence tending to support these claims.

The defendant claimed that he only agreed to pay for repairs to the extent of four or five dollars, and there was evidence tending to support this position.

As we look at the record there is but a single question in the case.

The defendant objected that the declaration set forth no consideration for the alleged promise to pay for repairs, and that therefore all testimony on that subject should be excluded. This objection was untenable. The declaration contained the common counts, and it was not necessary that they should explain what the consideration consisted of. That was matter of evidence.

The court in effect charged that if the agreement, as claimed by the plaintiff, was made, and the repairs done under it, the defendant was liable; and this was correct. Assuming, what the jury must have found, that the defendant, in consideration of the giving up of the lease, promised to pay for the repairs when made, and that the plaintiff had in fact made them, there was nothing behind but the payment of the price in money, and to recover this the plaintiff was at liberty to declare generally, upon the common counts, and was not required to set up special

circumstances.—*2 Greenleaf Ev.,* § *104,* and authorities cited.

There is no error, and the judgment must be affirmed, with costs.

COOLEY, J., and CHRISTIANCY, CH. J., concurred.

CAMPBELL, J., did not sit in this case.